IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL HAMLET,            : | | |
|    Petitioner          : | | |
|                              : | | |
|    v.                            : | CIVIL ACTION | |
|                               : | | |
| IMMIGRATION AND           : | NO. 02-3821 | |
| NATURALIZATION SERVICE : | | |
|    Respondent          : | | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
PETITIONER'S WRIT OF HABEAS CORPUS**

Respondent, the Immigration and Naturalization Service ("the Service"), files this supplemental brief in response to the Court's July 23, 2002 letter and petitioner Samuel Hamlet's July 16, 2002 brief.

The Service's position is that Hamlet's detention is clearly lawful under the Immigration and Nationality Act ("the Act") and its regulations, and under the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 121 S.Ct. 2491 (2001). The Service has a travel document to return Hamlet to Dominica, and would already have carried out his removal if it were not for the ongoing litigation instigated by Hamlet and the judicial stays he sought and received from the Third Circuit and the Southern District of New York. There is no question that the Service will be able to carry out Hamlet's removal in the "reasonably foreseeable future" once the litigation is resolved and the judicial stays are lifted. 121 S.Ct at 2505.

However, the Service's regulations state that the Service will conduct an individualized review of the custody status of an alien who has not been removed within the 90 day statutory period. 8 C.F.R. 241.4(h) and (k). The Service has complied with this regulation. The Philadelphia District Director reviewed Hamlet's custody status on December 21, 2001 and declined to release him. (See Exhibits 11 and 12 to Service's July 9, 2002 brief). The Service's Headquarters Post-Order Detention Unit likewise reviewed Hamlet's custody and declined to release him on January 21, 2002. (Id. at Exhibit 13.) These discretionary decisions are not reviewable by the Court on a habeas petition. See 8 U.S.C. Section 1252(a)(2)(B)(ii).

Finally, we note that although Hamlet continues to argue that his situation should be governed by Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001), Patel does not apply here because Hamlet has a final order of removal. See Service's July 9, 2002 brief, fn.2. The fact that Hamlet has judicial stays of his removal or that he is pursuing avenues of relief through his habeas petition in the Middle District of Pennsylvania does not change this result. Hamlet is not being subject to mandatory detention pursuant to Section 236(c) of the Act, as was the issue in Patel. Rather, Hamlet is under a final order of removal, and his continued detention is lawful under Zadvydas, as the Service will be able to carry out his removal to Dominica as soon as the judicial stays have been lifted.

For the foregoing reasons, and the reasons stated in the Government's initial brief, respondent respectfully requests that the Court dismiss the Petition with prejudice.

Respectfully,

PATRICK L. MEEHAN
United States Attorney

_____

JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

Dated: August   , 2002

_____

SUSAN R. BECKER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia PA 19106-4476
(215) 861-8310 Telephone
(215) 861-8349 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of August, 2002, I caused a true and correct copy of the foregoing Government's Response to Petition for Writ of Habeas Corpus to be served by first-class mail, postage prepaid, upon the following:

>Mr. Samuel Hamlet
>A#41 791 380
>*Pro se Petitioner*
>c/o Berks County Prison
>1287 County Welfare Road
>Leesport, PA 19533

_____
Susan R. Becker