IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL HAMLET | : | CIVIL ACTION |
| v. | : | |
| IMMIGRATION AND NATURALIZATION SERVICE | :<br>: | NO. 02-3821 |

M E M O R A N D U M

ROBERT F. KELLY, Sr. J.                                             AUGUST 26, 2002

Presently before the Court is a Petition for Habeas Corpus brought under 28 U.S.C. § 2241. Samuel Hamlet ("Petitioner" or "Hamlet"), a native and citizen of Dominica, contests his detention by the Immigration and Naturalization Service ("the Service"), while awaiting his removal from the United States.

FACTUAL BACKGROUND[1]

Hamlet entered the United States as a lawful permanent resident on February 13, 1988. (See Exhibit 1). On September 19, 1990, Hamlet was convicted in New York of criminal possession of stolen property in the fourth degree and sentenced to five years probation. (See Exhibit 2). On May 23, 1994, Hamlet was convicted in New York of criminal possession of a weapon in the third degree and sentenced to two to four years in prison. (See Exhibits 1 and 3). Also, on May 23, 1994, Hamlet was convicted of criminal sale of a controlled substance in the

---

[1] The following facts were alleged in the Government's Response in Opposition to Petitioner's Writ of Habeas Corpus. On July 16, 2002, this Court issued an Order giving Petitioner until July 31, 2002 to file a Reply to the Government's Response. Petitioner did file a Response and the facts included above were not disputed.

third degree and sentenced to four and three-quarters to nine and one-half years in prison to run consecutively with the sentence for the weapons conviction. (See Exhibit 4).

On October 11, 1994, the Service issued an Order to Show Cause and Notice of Hearing, advising Hamlet that he was deportable from the United States based on his 1994 firearms conviction, pursuant to Section 241(a)(2)(C) of the Immigration and Naturalization Act ("the Act").[2] (See Exhibit 1). On October 22, 1996, an Immigration Judge ordered Hamlet deported to Dominica. (See Exhibit 5), Hamlet appealed to the Board of Immigration Appeals ("BIA") for relief from deportation. The BIA denied Hamlet's request on June 24, 1997. (See Exhibit 6).

On or about April 24, 2000, upon completion of Hamlet's jail term for his state criminal convictions, the Service took Hamlet into custody in order to carry out the order of removal. Since that time, Hamlet has pursued numerous avenues to attempt to delay or overturn his deportation decision.

On May 18, 2000, Hamlet filed an application to become a United States citizen on the basis that he had derived citizenship from his naturalized father. The Service denied the naturalization application on May 25, 2000. (See Exhibit 7). On or about October 2, 2000, Hamlet filed a habeas petition in the Southern District of New York. (See Exhibit 8, fn.1). Hamlet also filed what he termed a Petition for Review in the Third Circuit Court of Appeals. On January 18, 2001, the Third Circuit denied his Petition for Review, but construed the filing as a petition for writ of habeas corpus, and transferred the case to the Middle District of

---

[2]This Section has been renumbered since that time and is now found at Section 237(a)(2)(C) of the Act [8 U.S.C. §1227(a)(2)(C)].

Pennsylvania, where the case became Civil Action No. 01-0138. The Third Circuit granted a stay of Hamlet's deportation until the District Court decided the merits of his petition. (See Exhibit 9). Then, on April 11, 2001, Chief Judge Mukasey of the Southern District of New York transferred the New York habeas petition to the Middle District of Pennsylvania, and also granted Hamlet a stay of his deportation. (See Exhibit 8). The New York case was eventually consolidated with Civil Action 01-0138. (See Exhibit 9, last page). Hamlet has been actively litigating his habeas petition in the Middle District of Pennsylvania, where the case is still pending. (See docket for 01-cv-1038 attached to Exhibit 9). Moreover, on July 30, 2001, Hamlet filed a motion to reopen his removal proceedings with the Board of Immigration Appeals. (See Exhibit 10).

Hamlet is currently detained at Berks County Prison, which is located within the Eastern District of Pennsylvania. On June 17, 2000, Hamlet filed the instant habeas petition, in which he challenged his detention by the Service during these removal proceedings.

DISCUSSION

Hamlet contends that his detention violates the law as set forth in Zadvydas v. Davis, 121 S. Ct. 2491 (2001). Zadvydas, like Hamlet, was under a final order of removal because of his conviction for criminal activities. Because Zadvydas was "stateless" no country would agree to take him. The Court there held that Zadvydas' continued detention was not permissible absent some showing that he could be removed. Unlike Zadvydas, the Service has a travel document for Hamlet, and will be able to carry out his removal as soon as the litigation instigated by Hamlet is resolved. (See Exhibit 11, pgs. 1 and 5). The Service, obviously, cannot carry out Hamlet's deportation while there are two judicial stays in effect. These stays were

3

issued in response to Hamlet's judicial filings, and he, therefore, is the cause for his present detention and the removal period should be considered tolled. It is clear that the Service will be able to carry out Hamlet's removal in the "reasonably foreseeable future" once the litigation, which he instigated, is resolved and the judicial stays lifted.

Hamlet also argues that his situation should be governed by the case of Patel v. Zemski, 275 F.3d 299 (3rd Cir. 2001). That case is inapplicable because Patel applies to aliens who are in detention before a final removal order, and are detained pursuant to Section 236(c) of the Act [8 U.S.C. §1226(c)].

The Government also noted in its Brief in response to Petitioner's Writ of Habeas Corpus that the Service has followed its procedures for reviewing Hamlet's custody status while he is detained pending deportation. They point out that on December 19, 2001, the District Director reviewed Hamlet's custody status and determined that Hamlet should remain in Service custody. (See Exhibits 11 and 12). On January 21, 2002, the Service's Post-Order Headquarters Determination Unit issued a decision to continue detention. That decision noted that the Service was in possession of travel documents necessary to repatriate Hamlet to Dominica and that they would do so upon completion of Hamlet's court proceedings. That decision also noted that Hamlet could produce any evidence that he had to demonstrate that the Service would not be able to carry out its repatriation. (See Exhibit 13, p. 1).

Based upon the foregoing, I enter the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL HAMLET | : | CIVIL ACTION |
| v. | : | |
| IMMIGRATION AND NATURALIZATION SERVICE | : : | NO. 02-3821 |

O R D E R

AND NOW, this 26th day of AUGUST, 2002, upon consideration of the Petition for a Writ of Habeas Corpus, the Government's Response thereto, Petitioner's Response to the Government's Opposition to the Petition and the Government's Supplemental Response, it is hereby

ORDERED that the Petition is DISMISSED With Prejudice.

BY THE COURT:

_____
ROBERT F. KELLY,    Sr. J.